# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TIMBERLAND BANK, a Washington corporation,<br><br>      Appellant,<br><br> v.<br><br>SHAWN A. MESAROS and JANE DOE MESAROS, individually, and the marital community they comprise; THE STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; AND Also all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein,<br><br>      Respondents. | No. 49156-7-II<br><br><br><br>PUBLISHED OPINION |

LEE, J. — Shawn Mesaros appeals the superior court's order confirming a sheriff's sale of his commercial property that was conducted after Timberland Bank obtained a judgment and decree of foreclosure against the property. Mesaros argues that (1) the sheriff's sale of his property was void; and (2) the superior court abused its discretion when it (a) denied his request for a hearing to set a fair value, (b) confirmed the sheriff's sale to Timberland Bank, and (c) imposed a deficiency judgment against him.

We hold that the sheriff's sale was void because the sale was held and the execution was returned outside the authorized statutory period, and thus, the confirmation of sale was also void. Accordingly, we reverse and remand to the superior court for further proceedings.[1]

FACTS

On December 14, 2009, in exchange for a loan from Timberland Bank, Mesaros signed a promissory note (the Note) for $375,000. To secure the Note, Mesaros conveyed a deed of trust to Timberland over a piece of commercial property that Mesaros owned (the Property). Under the terms of the Note, failure to make a payment when due constituted a default. Upon default, Timberland would be able to declare the entire unpaid balance of principal and interest immediately due and foreclose on the Property.

Mesaros defaulted on the Note[2] and on August 12, 2015, Timberland filed a complaint against Mesaros in superior court for judicial foreclosure of the Property. Timberland alleged that Mesaros defaulted on his payment of the Note, breached his obligations under the deed of trust, and owed Timberland $364,428.25 as of August 10. Mesaros did not respond to Timberland's complaint.

On October 13, the superior court entered a judgment and decree of foreclosure in favor of Timberland against Mesaros in the amount of $386,499.25. The judgment placed a lien on the Property and ordered the Property to be sold. The judgment also awarded Timberland a deficiency judgment to the extent the judgment exceeded the proceeds from the sale of the Property.

---

[1] Because we hold that the sale and confirmation of sale was void and remand for further proceedings, we need not reach Mesaros's remaining issues.

[2] Mesaros does not dispute that he defaulted on the Note.

On February 5, 2016, the superior court ordered the sheriff to sell the Property to satisfy, in whole or in part, the unpaid portion of the judgment. A sale date of April 29 was set. Notice of the sale was published in a legal newspaper in Grays Harbor County on March 31, April 7, April 14, and April 21.

On April 29, the superior court entered an order extending the order of sale. The order stated that "the Order of Sale issued on February 5, 2016 . . . along with any timing requirements or deadlines contained therein, is extended thirty days." Clerk's Papers (CP) at 30. Also on April 29, the sheriff issued a "Postponement Notice" stating the sale was postponed until further notice from the court. Amended CP at 254 (some capitalization omitted). On May 16, the sheriff issued another "Postponement Notice" stating the sale was postponed until May 27.[3] Amended CP at 251 (some capitalization omitted).

On May 27, the Property was sold to Timberland for $202,400. Timberland was the only bidder for the Property at the sale.

On June 2, the sheriff filed a Return on Sale of Real Property. A hearing on the entry of the Order Confirming Sale was set for June 27. Mesaros filed an objection to the confirmation of the sale and requested a hearing to set an upset price for the Property.

On June 27, the superior court held a hearing on the entry of the Order Confirming Sale, Mesaros's objection to entry of the order, and Mesaros's request for hearing to set an upset price.

---

[3] Under RCW 6.21.050(2), "[T]he sheriff may postpone the sale not exceeding one week next after the day appointed." The sheriff may also "adjourn the sale from time to time, not exceeding thirty days beyond the day at which the writ is made returnable, with the consent of the plaintiff indorsed upon the writ." RCW 6.21.050(2). However, there is no record that the sheriff postponed the sale with Mesaros's consent.

The superior court found that there was insufficient evidence warranting further hearing to set an upset price and entered the Order Confirming Sale.

On July 22, Mesaros filed a notice of appeal on the Order Confirming Sale. We accepted the appeal on August 12.

On August 24, the superior court held a hearing for entry of an order denying Mesaros's motion for an upset price. That same day, the superior court entered an Order Denying Defendant's Motion for Upset Price.

## ANALYSIS

Mesaros argues that the sheriff's sale of the Property, and thus the Order Confirming Sale, was void because the Order of Sale had expired by the time of the sale. Specifically, Mesaros contends the sale was void because the sale occurred more than 60 days after the Order of Sale was entered, which violated RCW 6.17.120. In response, Timberland argues that Mesaros failed to preserve this issue for appeal. We agree with Mesaros.

1. Claim Raised for the First Time on Appeal

Under RAP 2.5(a), the "appellate court may refuse to review any claim of error which was not raised in the trial court." And we generally do not consider arguments raised for the first time on appeal. *Kave v. McIntosh Ridge Primary Rd. Ass'n*, 198 Wn. App. 812, 823, 394 P.3d 446 (2017). But a void judgment may be challenged at any time on jurisdictional grounds. *See Hazel v. Van Beek*, 135 Wn.2d 45, 53, 954 P.2d 1301 (1998).

Here, Mesaros failed to raise in the superior court the issue of the validity of the sale based on the expiration of the Order of Sale.[4]  But an invalid sale resulting from a void order may be challenged for the first time on appeal on jurisdictional grounds.  *See id*.  Mesaros raises a jurisdictional challenge to the validity of the sale, and consequently, Mesaros may raise his challenge for the first time on appeal.

    2.      Sheriff's Sale was Void

When a court enters a judgment of foreclosure on a mortgaged property, the court is required to order the premises to be sold.  RCW 61.12.060.  A judicial foreclosure may be enforced by execution as an ordinary judgment.  RCW 61.12.090.

Chapter 6.17 RCW defines the process for a judgment creditor to execute on the property of a judgment debtor.  *Le Tastevin, Inc. v. Seattle First Nat'l Bank*, 95 Wn. App. 224, 227, 974 P.2d 896 (1999).  Under RCW 6.17.020(1), a judgment creditor may have an execution issued to collect or enforce a judgment any time within 10 years of the judgment's entry.  The sheriff must proceed with selling the property "forthwith" upon receiving the execution.  RCW 61.12.090.  And under RCW 6.17.120, the sheriff shall return the execution with a report of proceedings "within sixty days."  Failure to return the execution within the 60-day time frame renders the order ineffective.  *See Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 568, 276 P.3d 1277 (2012) ("When a party's authority to act is prescribed by a statute and the statute includes

---

[4] Previously, Mesaros only questioned whether the sheriff's postponement notice was posted at the property and whether the May 27 sale date was published in the legal newspaper for Grays Harbor County for four consecutive weeks.  Mesaros did not argue that the sale was void because the sale occurred "after the Order of Sale expired."  Br. of Appellant at 15 (some capitalization omitted).

time limits . . . failure to act within that time violates the statute and divests the party of statutory authority. Without statutory authority, any action taken is invalid.").

Here, the Order of Sale was entered on February 5. Under the statutory 60-day requirement, the sheriff had to sell the property and return the execution of the order by April 5. But because the superior court extended the February 5 Order of Sale for 30 days, the sheriff was required to conduct the sale and return the execution to the court clerk by May 5.

The sale occurred on May 27. Therefore, the sheriff failed to conduct the sale and return the execution within the required statutory timeframe. Thus, the sale occurred without statutory authority, rendering the sale void. As a result, we hold that the sale was invalid and set aside the confirmation.

We reverse and remand this case to the superior court for further proceedings.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.